UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, SR., | No. 2:21-cv-00141-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND |
| FEDERAL BUREAU OF INVESTIGATION, | |
| Defendant. | |

Plaintiff proceeds pro se in this action. This matter was referred to the undersigned by Local Rule 302(c)(21).

Plaintiff filed an application in support of his request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

## I.   ALLEGATIONS OF THE COMPLAINT

The complaint is almost devoid of factual allegations. Plaintiff alleges he was the victim of a covert assault by the FBI or an agent of the FBI and that he suffered unspecified injury. (ECF No. 1 at 2.) Plaintiff further alleges unspecified defendants failed to provide a diagnosis at an appointment, and that the Superior Courts of California were guilty of fraud. (Id.) The complaint contains numbered causes of action for negligence, assault and breach of contract. (Id.)

## II.   PLEADING STANDARDS

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.   THE COMPLAINT HAS A JURISDICTIONAL DEFECT AND FAILS TO STATE A CLAIM

### A. Subject Matter Jurisdiction

Plaintiff purports to bring claims for damages against an agency of the United States, the FBI, as the sole defendant. Claims against the United States and its agencies are generally barred by the doctrine of sovereign immunity. See Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001). A lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States. See Id.; Balser v.

Dep't of Justice, Office of U.S. Tr., 327 F.3d 903, 907 (9th Cir. 2003) (holding that sovereign immunity protects the Department of Justice). As a sovereign, the United States is immune from suit unless it has waived immunity. United States v. Mitchell, 463 U.S. 206, 212 (1983).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of the government's sovereign immunity for certain tort claims "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). As a jurisdictional prerequisite, however, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. McNeil v. United States, 508 U.S. 106, 113 (1993). Pursuant to 28 U.S.C. § 2675(a), an action shall not be instituted upon a claim against the United States for money damages for an employee's negligence unless the claimant has first presented the claim to the appropriate federal agency and his claim was finally denied by the agency in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. McNeil, 508 U.S. at 113.

Plaintiff does not state anywhere in the complaint that he is proceeding under the FTCA. Plaintiff further does not allege that he has exhausted available administrative remedies so as to bring a claim under the FTCA. Accordingly, this court lacks subject matter jurisdiction over plaintiff's purported claims against the FBI.

**B. Failure to Comply with Rule 8**

In addition to the jurisdictional defect, the complaint fails to allege a "plain statement of the claim" in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2) and (d)(1); see also McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). In order to give the defendant fair notice of the plaintiff's claim and the grounds on which it rests, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

Plaintiff's vague and conclusory allegations do not satisfy the requisite standard. Plaintiff

3

states he was injured at the hands of an agent of the FBI. Plaintiff further alleges he suffered an assault but fails to describe what happened, such as when and where the assault occurred or who committed the assault. In sum, the complaint fails to plead adequate facts to support any of the stated cause of action.

### C. Guidelines for a First Amended Complaint

Because plaintiff has failed to provide a basis for jurisdiction and has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the jurisdictional deficiencies identified herein. In any amended complaint, plaintiff must allege with at least some degree of particularity overt acts which a defendant or defendants engaged in that support plaintiff's claim. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff is informed that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, although failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff is unable or unwilling to cure the complaint's deficiencies, then plaintiff may file a notice of voluntary dismissal.

### IV. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 16, 2021

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Murphy.21cv141.screen